IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER RE: ADMISSIBILITY OF CO-** |
| | ) | **CONSPIRATOR STATEMENTS** |
| vs. | ) | |
| | ) | Criminal No. 3:06-cr-132-02 |
| Alberto Chahia, a/k/a Chingone, | ) | 3:06-cr-132-05 |
| and Kelly Dean Overby, | ) | |
| | ) | |
| Defendants. | | |

Under Rule 801(d)(2)(E) of the Federal Rules of Evidence, a statement is not hearsay if "[t]he statement is offered against a party and is . . . a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." The standard of proof under this rule is preponderance of the evidence. Bourjaily v. United States, 483 U.S. 171, 176 (1987). To admit these statements, the government must prove "1) that a conspiracy existed, 2) that the defendant and the declarant were members of the conspiracy, and 3) that the declaration was made during the course and in furtherance of the conspiracy." United States v. Beckman, 222 F.3d 512, 522 (8th Cir. 2000) (quoting United States v. Bell, 573 F.2d 1040, 1043 (8th Cir. 1978)). These statements may be admitted at trial before the government has met these three elements. United States v. Fitts, 635 F.2d 664, 666 (8th Cir. 1980). However, the court must find at the close of the government's case that it has met these three elements. Id.

In determining whether a conspiracy existed, a court may consider the co-conspirator statement itself. Bourjaily, 483 U.S. at 181. An agreement to join a conspiracy "need not be explicit but may be inferred from the facts and circumstances of the case." United States v. Evans, 970 F.2d

1

663, 669 (10th Cir. 1992).

The government has now closed its case. The testimony of Timothy Horn, Jason Horn, Shawn Flaten, Johanna Wicks, Shara Jackson, Amber Lafferty, Cassandra Kasowski, Sonya McClung, Tim Gray, Brian Nelson, Rene Zendejas, Christopher Higgins, Kellen Strutz, and Amy Brager establishes by a preponderance of the evidence that a conspiracy existed and its purpose was to possess with the intent to distribute and the distribution of controlled substances. These defendants testified about purchasing methamphetamine in large quantities. Some testified about shipments of methamphetamine from California and trips to pick up large quantities of methamphetamine from other persons. Shara Jackson, Jamie Grim, and Rene Zendejas testified about changing vehicles to disguise their activity. In addition, Timothy Horn, Jason Horn, Shawn Flaten, Johanna Wicks, and Kellen Strutz testified to personally distributing drugs that were obtained through this conspiracy. The testimony of law enforcement officers relating to their investigation of this case also establishes the existence of the conspiracy.

A preponderance of the evidence establishes that the following persons are named conspirators in this drug distribution organization: Rene Zendejas, a/k/a "Ricky Shaw"; Alberto Chahia, a/k/a "Chingone"; Ruben Aaron Nieto, Jr., a/k/a "Goblin"; Timothy Charles Horn, a/k/a "T"; Kelly Dean Overby; Kellen Strutz; Rendell Klein; Landon Wang; a/k/a "Locs"; Daniel Smeltzer; a/k/a "Smurf"; Jason Horn; and Shawn Flaten. A preponderance of the evidence establishes that the following persons are unnamed co-conspirators: Johanna Wicks; Shara Jackson; Jamie Grim; Tim Gray; John Rocha, a/k/a "Casper"; Cassandra Kasowski; Christopher Higgins; "Sal"; Zach Rogers; Corey Stapleton; Daniel Komrosky; and John Mutchenbacher.

A preponderance of the evidence demonstrates Overby's membership in the conspiracy:

2

Flaten testified to providing Overby with well in excess of one pound of methamphetamine. Wicks testified that Overby was her primary supplier for the methamphetamine she sold. Nelson testified that Overby was supplied with methamphetamine by Flaten.

A preponderance of the evidence demonstrates Chahia's membership in the conspiracy: Jason Horn testified he had discussed with Chahia the practicality of moving methamphetamine in North Dakota. Jason Horn also testified about driving Chahia to pick up approximately four pounds of methamphetamine from "couriers." Zendejas testified that he personally supplied Chahia with methamphetamine for distribution and paid Chahia's bail to get him released from jail. Christopher Higgins testified he had purchased approximately two ounces of methamphetamine directly from Chahia. Strutz testified that Chahia, with Nieto, sold him approximately one-half pound of methamphetamine. Brager testified that she witnessed substantial quantities of methamphetamine and cutting agents in Chahia's hotel room.

Finally, the evidence establishes by a preponderance of the evidence that the declarations sought to be introduced into evidence at trial under Rule 801(d)(2)(E) were made during the course of and in furtherance of the conspiracy. This testimony related to how people became involved in the conspiracy, how they participated in the conspiracy, and the objects of the conspiracy. It involved events taking place during the time frame of the conspiracy.

The Court has made the appropriate Bell findings regarding the admission of any co-conspirator statements. All such statements shall be admissible pursuant to the co-conspirator exception to the hearsay rule. See Fed. R. Evid. 801(d)(2)(E). Several witnesses testified about out-of-court statements relating to the distribution of controlled substances and various other drug transactions. There is more than a preponderance of evidence to establish a conspiracy to distribute

3

controlled substances, that Overby and Chahia were involved in the conspiracy, and that all statements were made during the course of and in furtherance of the conspiracy. The Court concludes that any evidence involving co-conspirator statements, whether objected to or not, was properly admitted under Rule 801(d)(2)(E).

**IT IS SO ORDERED.**

Dated this 22nd day of June, 2007.

       /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court