IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:06-cr-132-2 |
| vs. ) | |
| ) | **REPORT AND** |
| Alberto Chahia, aka Chingone, ) | **RECOMMENDATION** |
| ) | |
| Defendant. ) | |

Defendant Alberto Chahia ("Chahia") timely filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. #404). Chahia was found guilty by a jury of one count of conspiracy to possess with intent to distribute and distribution of 500 grams or more of a substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), and one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). (Doc. #300). Pursuant to 21 U.S.C. § 851(a), the government certified that Chahia had two prior felony drug convictions in the State of California. (Doc. #89). At Chahia'a sentencing hearing the court relied upon the two prior felony drug convictions to enhance the minimum mandatory sentences applicable under 21 U.S.C. § 841(b)(1)(A). (Doc. #326). Chahia was sentenced to concurrent terms of life imprisonment on both counts. (Doc. #300).

Chahia appealed his convictions to the Eighth Circuit Court of Appeals on the grounds that there was insufficient evidence to support the jury's verdict, the district court abused its discretion in denying Chahia's motion for a continuance, the district court erred in allowing hearsay testimony, and the life sentences constituted cruel and unusual punishment. (Doc. # 352-2). The Eighth Circuit Court of Appeals affirmed the district court's judgment. (Doc. #352).

In Chahia's § 2255 motion he contends he was denied his sixth amendment right to effective assistance of counsel because his attorney failed to object to the government's allegation that Chahia has prior felony drug convictions, his attorney failed to object to the government's use of unofficial documentation in support of its allegation, his attorney failed to object to the enhancement of his sentence based on the convictions, and his attorney failed to investigate and present a defense against the enhancement of his sentence. Chahia also contends the district court lacked jurisdiction to enhance the minimum mandatory sentences because his two prior drug convictions in the State of California were invalid or were not felonies.

## Summary of Recommendation

Both of Chahia's prior drug convictions were felonies and thus were properly considered for enhancement of his sentence. His counsel did not provide ineffective assistance in failing to object to enhancement of Chahia's sentence based on the prior convictions. After reviewing the entire record, it is **RECOMMENDED** that Chahia's motion to vacate, set aside, or correct sentence (Doc. #404) be **DENIED**.

## Jurisdictional Claim

A petitioner cannot obtain relief under 28 U.S.C. § 2255 for a claim not raised at trial or on direct appeal, unless the petitioner shows cause for not raising the claim and resulting prejudice. Anderson v. U.S., 25 F.3d 704, 705 (1994) (citation omitted). If the claim not raised at trial or on direct appeal is nonconstitutional or nonjurisdictional, petitioner still may not obtain relief under 28 U.S.C. § 2255 even if petitioner shows cause and resulting prejudice. Id. (citations omitted).

Chahia's claim that the district court lacked jurisdiction to enhance the minimum mandatory sentences may not be a jurisdictional claim. A federal district court possesses subject

matter jurisdiction over drug cases. See 18 U.S.C. § 3231 (conferring original jurisdiction "of all offenses against the laws of the United States"). This jurisdiction necessarily includes sentencing a convicted defendant. Chahia's claim is more likely that the district court exceeded its authority in sentencing him to mandatory life imprisonment when he did not have the requisite prior felony drug convictions. The court does not need to address whether Chahia has stated a jurisdictional claim because Chahia couched his contention that he does not have two prior felony drug convictions within his claim of ineffective assistance of counsel, which is a constitutional claim.

### Standard for Ineffective Assistance of Counsel

To establish a claim for ineffective assistance of counsel, Chahia must show his counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). In Strickland, the Supreme Court established a two-pronged test for analyzing ineffective assistance of counsel claims. First, Chahia must show that his counsel's conduct was objectively unreasonable. Second, Chahia must demonstrate that his counsel's performance prejudiced his defense. In other words, under the second prong, Chahia must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694. Before addressing whether Chahia's counsel's conduct was objectively unreasonable, the court must first determine if the government would have been able to prove beyond a reasonable doubt that Chahia's convictions were felonies had Chahia's counsel objected to the information. See 21 U.S.C. § 851(c) (if the defendant denies any allegation of the prior conviction information provided, "the United States attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact").

**First Drug Conviction**

Prior to trial the government certified that Chahia was convicted of felony possession of methamphetamine in the State of California, and within its notice the government stated that the criminal judgment was entered on the conviction on August 1, 2001. (Doc. #89). In support of its contention the government submitted certified copies of documents from the California Superior Court in Riverside County for court file number INFO37966. The documents submitted include a copy of the felony complaint, the state court docket, and a document that lists the terms and conditions of probation. (Doc. #89-1). The government did not submit a copy of the judgment and one does not appear on the state court docket. In the government's response to Chahia's § 2255 motion, it avers that judgment was never pronounced in the case, which is contradictory to the government's statement upon certification of the prior conviction.

Chahia contends there is a judgment in the case which classifies the crime as a misdemeanor under California law because the crime was charged under a wobbler statute,[1] and Chahia only received 36 months of probation. Chahia states that when his probation was terminated, the judgment of the state court was that his conviction became a misdemeanor pursuant to Cal. Penal Code § 17(b)(1).

The felony complaint submitted by the government from the California Superior Court charges Chahia with one count of possession of methamphetamine in violation of Cal. Health & Safety Code § 11377(a). (Doc. #89-1). That offense is a "wobbler" because it is punishable by

---

[1] The violation of a wobbler statute can be treated as either a misdemeanor or a felony depending on the punishment imposed. United States v. Viezcas-Soto, 562 F.3d 903, 906 (8th Cir. 2009) (citations omitted).

"imprisonment in a county jail for a period of not more than one year *or* in the state prison."[2] Cal. Health & Safety Code § 11377(a) (effective January 1, 2000 to December 31, 2001) (emphasis added). The felony complaint does not determine whether Chahia has a felony conviction. United States v. Viezcas-Soto, 562 F.3d 903, 907 (8th Cir. 2009) (citation omitted). Instead, California law provides for when a "wobbler" becomes a misdemeanor as follows:

> (b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:
>
> (1) After a judgment imposing a punishment other than imprisonment in the state prison.
>
> (2) . . .
>
> (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor.

Cal. Penal Code § 17(b).

At the time of certification the government stated that the criminal judgment was entered on the conviction on August 1, 2001. (Doc. #89). If this were true, Chahia's prior conviction would be classified as a misdemeanor pursuant to §17(b)(1) because Chahia was not sentenced to imprisonment in state prison. However, the government now avers that judgment was never pronounced, and according to the state court docket submitted by the government, what actually occurred on August 1, 2001 is that Chahia pled guilty, probation was granted for a period of 36 months, and the proceedings were suspended. (Do. # 89-1, pp. 5-6). "An order granting

---

[2] An offense punishable either by imprisonment in the state prison or by a county jail sentence is "said to 'wobble' between the two punishments and hence is frequently called a 'wobbler' offense." Robert L. v. Superior Court, 30 Cal.4th 894, 135 Cal.Rptr.2d 30, 69 P.3d 951, 956 n. 9 (2003) (quotation omitted).

probation is not a judgment." United States v. Robinson, 967 F.2d 287, 293 (9th Cir. 1992) (quoting People v. Smith, 195 Cal.App.2d 735, 737, 16 Cal.Rptr. 12 (1961)). When a court grants probation and suspends the imposition of sentence, a judgment of conviction is not rendered. United States v. Robinson, 967 F.2d at 293 (citation omitted).

On November 13, 2001, a petition alleging that Chahia violated the terms of his probation was filed in the California Superior Court, and Chahia was scheduled to be arraigned on the allegation. (Doc. #89-1, p. 4). Chahia did not appear for the arraignment, a bench warrant was issued, and Chahia's probation was ordered revoked. (Doc. #89-1, p. 4). When Chahia appeared before the court after being arrested on the warrant, Chahia denied the allegation that he violated the terms of his probation and a hearing was set. (Doc. #89-1, p. 3). At the hearing, Chahia's probation was terminated and he was released. (Doc. #89-1). Chahia contends that when his probation was terminated early the judgment of the state court rendered the offense a misdemeanor pursuant to Cal. Penal Code § 17(b)(1). However, there is no evidence in the state court docket that the court declared Chahia's offense to be a misdemeanor when his probation was terminated, or that judgment was ever entered in the case as required for a "wobbler" to become a misdemeanor pursuant to Cal. Penal Code § 17(b)(1).

The order for probation submitted by the United States Attorney is a form that includes an option to select either "felony" or "misdemeanor" in describing the offense. (Doc. #89-1, pp. 14-15). It is difficult to determine whether "misdemeanor" is underlined or crossed out on the order. Pursuant to Cal. Penal Code § 17(b)(3) a "wobbler" becomes a misdemeanor "[w]hen the court grants probation to a defendant without imposition of sentence and at the time of granting probation, . . . the court declares the offense to be a misdemeanor." The government submitted

an affidavit of a clerk from the Riverside County Superior Court in California. (Doc. #447-1). The clerk states in the affidavit that the term "misdemeanor" is crossed out, there is nothing in the record indicating that the charge was reduced to a misdemeanor, and if a "wobbler" offense is reduced to a misdemeanor it is done through a court order. There is no evidence that the offense was reduced to a misdemeanor through a court order or otherwise pursuant to Cal. Penal Code § 17(b)(3).

No judgment was entered in the case and the Riverside Superior Court never declared the conviction a misdemeanor. Chahia's conviction for possession of methamphetamine did not "wobble" to a misdemeanor pursuant to Cal. Penal Code § 17(b)(1) or § 17(b)(3). Chahia's conviction remains a felony.

### Second Drug Conviction

Prior to trial the government certified that Chahia was convicted of felony possession of a controlled substance with intent to manufacture methamphetamine in the State of California, and within its notice the government stated that the criminal judgment was entered on the conviction on April 24, 2004.[3] (Doc. #89). In support of its contention the government attached certified copies of documents from the California Superior Court in Riverside County for court file number INFO40261. The documents submitted include a copy of the felony complaint, the state court docket, a document that lists the terms and conditions of probation, and a memorandum of the plea agreement. (Doc. #89-2). The United States Attorney did not submit a copy of the judgment and one does not appear on the docket. In the government's response to Chahia's § 2255 motion, the government does not state that a judgment was entered in the case

---

[3] The court assumes the government made a typographical error as to the year the criminal judgment was allegedly entered. The court assumes the government meant to state that the criminal judgment was entered on April 24, 2002. (See Doc. #89-2, p. 3).

7

Chahia contends there is not a valid judgment entered in the case. The felony complaint submitted by the government charges Chahia with one count of possession of ephedrine with intent to manufacture methamphetamine in violation of Cal. Health & Safety Code § 11383(c) (effective to December 31, 2001). (Doc. #89-2, p. 1). Chahia pled guilty pursuant to a plea agreement. (Doc. #89-2, p. 3). The court granted summary probation for a period of three years with one of the conditions being that Chahia serve 180 days in county jail. (Doc. #89-2, p. 4, p. 8). The proceedings were suspended. (Doc. #89-2, p. 4). Chahia claims that since the imposition of sentence was deferred, the state court did not revoke probation and the time to do so has expired, and the state court did not pronounce judgment, there is no valid judgment that can serve as the basis to enhance the minimum mandatory sentences in this court. Chahia relies on the Eighth Circuit's ruling in United States v. Stallings, 301 F.3d 919 (8th Cir. 2002).

In Stallings, the Eighth Circuit Court of Appeals held that absent a judgment of conviction, a felony drug charge that resulted in a suspended imposition of sentence was not a conviction under California law and could not be relied upon to enhance the minimum mandatory sentence applicable under 21 U.S.C. § 841(b)(1)(A). The Eighth Circuit declined to extend its holding in Stallings to a subsequent, similar case, finding the defendant's prior felony drug conviction that resulted in a suspended imposition of sentence under Missouri law could serve as the basis for enhancing the minimum mandatory sentence applicable under 21 U.S.C. § 841(b)(1)(A). See United States v. Craddock, 593 F.3d 699 (8th Cir. 2010). In Craddock the Eight Circuit held that "the question of what constitutes a 'prior conviction' for purposes of § 841(b)(1)(A) is a matter of federal, not state, law, and that a suspended imposition of sentence qualifies as such a prior conviction." Id. at 701 (citations omitted). The court also stated that "to

the extent that Stallings evinces a conflict in our precedent, 'we are free to choose which line of cases to follow,' and [w]e think . . . the line of cases holding that a suspended imposition of sentence is a prior conviction for purposes of § 841(b)(1)(A) is more persuasive and is in line with the decisions of our sister circuits." Id. (citations omitted).

Although Chahia's case is similar to Stallings in that his drug charge resulted in a suspended imposition of sentence under California law, it is also distinguishable because Chahia pled guilty to the underlying conviction rather than nolo contendere, as did the defendant in Stallings. "[U]nder California law, a guilty plea results in a conviction." United States v. Tankersley, 374 F.3d 721, 722 (8th Cir. 2004) (citing Stephens v. Toomey, 51 Cal.2d 864, 338, P.2d 182, 184 (1959); People v. Banks, 53 Cal.2d 370, 1Cal.Rptr. 669, 348 P.2d 102, 106 (1959)). A clerk from the Riverside County Superior Court in California stated in her affidavit that Chahia's conviction remains a felony. (Doc. #447-1). Under the Eighth Circuit's ruling in Craddock, and under California law, Chahia's conviction is a felony.

### Ineffective Assistance Claim

There is no evidence that Chahia's prior felony conviction for possession of methamphetamine in the State of California was reduced to a misdemeanor pursuant to Cal. Penal Code § 17(b), and Chahia's felony conviction for possession of a controlled substance with intent to manufacture methamphetamine in the State of California is a valid felony conviction. The convictions remain listed as felonies in the California court's database. (Doc. #447-1). The government would have been able to prove beyond a reasonable doubt that Chahia's convictions were felonies had Chahia's counsel objected to the information.

Counsel is not ineffective for failing to make a futile objection. Woodall v. United States, 72 F.3d 77, 80 (8th Cir. 1995). Chahia's counsel was not ineffective for failing to object

to the government's allegation that Chahia has prior felony drug convictions, for failing to object to the government's use of unofficial documentation in support of its allegation, or for failing to object to the enhancement of his sentence based on the convictions. The court notes that the documents relied on by the government to prove Chahia's prior convictions are certified copies of court documents. (See Doc. #89).

Chahia's counsel was not ineffective for failing to investigate and present a defense against the enhancement of his sentence, when no such defense exists. Even if Chahia's counsel did fail to investigate the prior convictions, Chahia suffered no prejudice because the convictions are felonies that qualify to enhance the minimum mandatory sentences applicable under 21 U.S.C. § 841(b)(1)(A). In addition, the court notes that Chahia's attorney did in fact investigate Chahia's prior convictions. Chahia's attorney was appointed under the Criminal Justice Act. The court has reviewed the attorney's submissions in support of payment, and Chahia's attorney documented that he made two phone calls to California regarding the prior convictions. On March 21, 2007, Chahia's attorney wrote "P/C to CA for assistance on felony reduction" and "P/C to Superior CT Riverside County, CA."

Chahia has not met the Strickland test because he has not demonstrated "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694; see also United States v. Apfel, 97 F.3d 1074, 1077 (8th Cir. 1996) (applying the "reasonable probability" standard within the context of sentencing). Accordingly, it is **RECOMMENDED**:

1. Alberto Chahia 's motion to vacate, set aside, or correct sentence (Doc. #404) be **DENIED**;

2. The court certify that an appeal from the dismissal of this action may not be taken *in forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith; and

3. A certificate of appealability not be issued with respect to any of the issues raised by Chahia in this action.

Dated this 3rd March, 2011.

      /s/ *Karen K. Klein*
      Karen K. Klein
      United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 59(b)(2), Federal Rules of Criminal Procedure, and District of North Dakota Local Court Criminal Rule 59.1(D)(2) and (3), any party may object to this Report and Recommendation by filing with the Clerk of Court no later than March 21, 2011, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.